```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


LARRY GRAY BLAKLEY, SR.,         )
                                 )
          Plaintiff,             )
                                 )
     v.                          )
                                 )
WESTERN SURETY COMPANY,          )
SERGEANT JOSHUA MABE,            )
individually and in his official )
capacity, DEPUTY CODY SMITH,     )
individually and in his official )
capacity, DEPUTY MONTY G. WOLFE,)    1:24-cv-183
individually and in his official )
capacity, SHERIFF JOEY LEMONS,   )
in his official capacity,        )
CAPTAIN TERRY DALTON,            )
individually and in his official )
capacity,                        )
                                 )
          Defendants.            )
                                 )
*******************************
                                 )
SERGEANT JOSHUA MABE,            )
individually and in his official )
capacity,                        )
                                 )
          Counterclaim           )
          Plaintiff,             )
                                 )
     v.                          )
                                 )
LARRY GRAY BLAKLEY, SR.,         )
                                 )
          Counterclaim           )
          Defendant.             )
```

## ORDER

Plaintiff filed a Verified Complaint asserting claims for relief against various members of the Stokes County Sheriff's

Office ("SCSO") arising from an alleged warrantless search, seizure, and arrest at his home on the evening of March 4, 2021. (See generally Doc. 1.) Defendants Deputy Monty G. Wolfe ("Wolfe"), Sergeant Joshua Mabe ("Mabe"), and Deputy Cody Smith ("Smith") (collectively, "Defendants") filed identical motions to dismiss. (Docs. 22, 27, and 31.) Plaintiff has responded and the motions are fully briefed and ripe for ruling. The motions will be denied as moot in light of the court's construction of the allegations as set forth herein.

The facts as alleged in the Complaint will be fully addressed in a separate memorandum opinion and order and will not be restated here. The motions to dismiss filed by these Defendants argue that the claims against each of these Defendants in their official capacity are in fact claims against the entity, that is, the Sheriff of Stokes County. (See Doc. 23 at 2; Doc. 28 at 2; Doc. 32 at 2.) This court agrees with Defendants that a claim against an official in his "official capacity" is a claim against the government entity under both federal and state law. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Meyer v. Walls, 347 N.C. 97, 110–11, 489 S.E.2d 880, 887–88 (1997). As opposed to an individual capacity suit where the plaintiff "seeks recovery from the defendant directly[,] a suit against a defendant in his official capacity

means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." Meyer, 347 N.C. at 110, 489 S.E.2d at 887 (citation omitted).

Plaintiff does not contest this precedent in his response briefs. Instead, Plaintiff clarifies that the § 1983 claims he asserts in his complaint were brought against these Defendants in their individual capacities only. (See Doc. 36 at 4 (citing Doc. 1 ¶¶ 125, 158); Doc. 39 at 4 (citing Doc. 1 ¶¶ 125-33).) As for the state law claims, Plaintiff contends that suing Defendants in their official capacities is an alternative theory of liability which should be allowed to proceed until issues of fact are resolved as to whether these Defendants were acting individually or in their capacity as employees of the Sheriff. (See Doc. 36 at 4-6; Doc. 39 at 4-6.) However, Plaintiff's arguments appear to conflate "official capacity" with "official duties," which is not proper. As explained by the North Carolina Supreme Court in Meyer,

> [w]hether the allegations relate to actions outside the scope of defendant's official duties is not relevant in determining whether the defendant is being sued in his or her official or individual capacity. To hold otherwise would contradict North Carolina Supreme Court cases that have held or stated that public employees may be held individually liable for mere negligence in the performance of their duties.

Meyer, 347 N.C. at 111, 489 S.E.2d at 888. Under applicable precedent, there is no true alternative pleading as Plaintiff

has asserted claims against Defendants in their individual capacities and related claims against the Sheriff of Stokes County, covering the asserted alternative theories.

Furthermore, the alternative theories as argued by Plaintiff creates some confusion in the pleadings. For example, Plaintiff alleges that "Defendant [sic] Mabe, Smith and Wolfe, in their individual and official capacities as deputies for [the] Stokes County Sheriff's Office, unjustifiably used potentially deadly force against Plaintiff, which was objectively excessive and unreasonable under the circumstances." (Doc. 1 ¶ 161.) Plaintiff's alternative theories make it unclear as to which defendant, the individual or the Sheriff, has standing to respond to that allegation and the legal effect of any admission or denial. Should an individual defendant deny the allegation, it is not clear whether that individual response has some binding effect on the entity sued, here, the Sheriff of Stokes County. Relatedly, by asserting claims against the individual Defendants in their official capacities, it is not clear within the pleadings whether the individual Defendants are required to assert defenses on behalf of the Sheriff. Some clarification in the pleadings is necessary.

Nevertheless, this court does not find dismissal of the claims against Defendants Mabe, Smith, and Wolfe in their

official capacity necessary. Instead, this court will construe the complaint to make it clear that claims against Defendants Mabe, Smith, and Wolfe in their official capacities are claims against the Sheriff of Stokes County. The Sheriff of Stokes County, and only the Sheriff, has standing to respond to the claims against the individual Defendants in their official capacity. Those claims against the individual defendants in their official capacity are subject to the jurisdictional and other defenses applicable to the Sheriff of Stokes County. <u>See</u> <u>Meyer</u>, 347 N.C. at 111, 489 S.E.2d at 888.

**IT IS THEREFORE ORDERED** that all allegations in Plaintiff's complaint asserting claims against Defendants Joshua Mabe, Cody Smith, and Monty Wolfe in their official capacity are construed as claims against the Sheriff of Stokes County and subject to all jurisdictional and other defenses applicable to the Sheriff of Stokes County.

**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendant Monty G. Wolfe in his Official Capacity, (Doc. 22), the Motion to Dismiss of Defendant Josh Mabe in his Official Capacity, (Doc. 27), and the Motion to Dismiss of Defendant Cody Smith in his Official Capacity, (Doc. 31), are **DENIED WITHOUT PREJUDICE AS MOOT** in light of the court's construction of the allegations contained in the complaint and set forth herein.

This the 31st day of March, 2025.

/s/ William L. Osteen, Jr.
United States District Judge